IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Miguel Rizo, Jr., et al.,            Case No. 3:10CV2229

        Plaintiff

v.                                         ORDER

Alex Johnson, et al.,

        Defendant

This is a suit by two members of the International Longshoreman's Union, Local 1982. Defendants are the owner of Midwest Terminals of Toledo and two officers of the Local — its President, defendant Charles Moody, and its Dock Steward, Robert Moody.

Plaintiff's complaint asserts state common law causes of action: 1) tortious interference with contract rights; 2) civil conspiracy; 3) intentional infliction of emotional distress; and 4) negligent infliction of emotional distress.

According to the complaint, the Moody defendants, with the concurrence of Johnson and Midwest Terminals: 1) subcontracted work covered by the Local's collective bargaining agreement with Toledo Midwest; 2) allowed non-union employees to perform work reserved to union members; 3) interfered with a crane operator apprentice program; 4) failed to maintain a skilled hiring list; and 5) failed to deduct union dues as required by the collective bargaining agreement.

The defendants removed the case to this court on the basis that federal labor law preempts plaintiffs' claims.

Pending are the plaintiffs' motion to remand [Doc. 3], the Moodys' motion to dismiss, [Doc. 4] and Johnson's motion for judgment on the pleadings, [Doc. 16]. For the reasons the follow, I deny the remand motion and grant the defendants' motions.

At issue is whether adjudication of plaintiffs' claims requires interpretation of the collective bargaining agreement between Local 1982 and Midwest Terminals. To determine whether federal labor law preempts putative state law claims, a court first must "examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms." *DeCoe v. General Motors Corp.*, 32 F. 3d 212, 216 (6th Cir. 1994).

If so, then the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. *Id*. If so, and adjudication does not involve contract interpretation, the claim is not preempted.

In this case, it is not necessary to go beyond the first step of the *Coe* analysis: it is manifestly clear from the terms plaintiffs use in their complaint that they are improperly and impermissibly "attempting to disguise what is essentially a contract claim as . . . tort[s]." *Id*.

All the rights on which plaintiffs base their claims are rooted in and arise from the collective bargaining agreement. Without reading, interpreting and applying the collective bargaining agreement, one cannot determine whether the claimed rights in fact exist.

The parties have written and argued at length. I need not and decline to do so. The basis on which defendants removed this case is firmly founded on fundamental principles of federal labor law. That law is entirely preemptive.

That being so, the defendants' motions under Fed. R. 12(b) must be granted. As I previously found, *Rizo v. Midwest Terminals of Toledo Intern., Inc.*, 2010 WL 1751972 (N.D.Ohio), when the plaintiffs brought a standard hybrid § 301 suit based on the same allegations as those in their instant complaint, plaintiffs' complaint is untimely under *DelCostello v. Teamsters*, 462 US 151 (1983).

Because application of federal labor law, rather than state tort law, is so manifestly apparent, I caution plaintiffs and their counsel that continuing this unfounded litigation should be an invitation to a motion for attorneys' fees and costs under 28 U.S.C. § 1927 and the inherent power of federal courts to sanction those who engage in fruitless litigation.

In any event, for now it suffices to state that it is hereby

ORDERED THAT;

1. Plaintiffs' motion to remand [Doc. 3] be, and the same hereby is denied;

2. Defendants Charles Moody's and Robert Moody's motion to dismiss [Doc. 4] be, and the same hereby is granted; and

3. Defendant Alex Johnson's motion for judgment on the pleadings [Doc. 16] be, and the same hereby is granted.

So ordered.

                                                     s/James G. Carr
                                                     United States District Judge